# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# LITTLE ROCK DIVISION

JEREMY WEBB                                                                                          PLAINTIFF
ADC #144591

V.                                         NO: 4:13CV00643 BSM/HDY

GOVIA *et al.*                                                                                      DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to Chief United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the

> hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff Jeremy Webb, an inmate at the Cummins Unit of the Arkansas Department of Correction ("ADC"), filed a *pro se* complaint, pursuant to 42 U.S.C. § 1983, on November 8, 2013. The Court held an evidentiary hearing on November 3, 2014, at which Plaintiff testified, as did Defendants Govia, Davis, and Spaul. ADC inmate Kegan A. Leach also testified on Plaintiff's behalf.

### I. Facts

Plaintiff was held at the Faulkner County Detention Center for a parole violation and another charge on August 19, 2013, when a dispute arose over medical paperwork Plaintiff had received from the ADC.[1] Plaintiff began yelling and beating on the door. Plaintiff was in a 12 man cell, and many of the other men were still asleep that morning. Because of the noise, and the disturbance to others, Davis ordered Plaintiff to submit to restraints. Instead of complying, Plaintiff raised his

---

[1] Because he was a parole violator, the ADC was apparently responsible for Plaintiff's medical care, and Plaintiff was attempting to arrange for care when he arrived at the ADC. Plaintiff left the Faulkner County Detention Center for the ADC on August 28, 2014.

hands and began walking backwards. Davis radioed for assistance, and entered the cell with Govia. Davis and Govia pushed Plaintiff against a wall, and Davis grabbed Plaintiff's left arm. As Govia was attempting to gain control of Plaintiff's right arm, Plaintiff began pushing against the guards, and "walking" up the wall. Govia then took Plaintiff to the ground and the struggle continued. Spaul arrived, drew his Taser, and told Plaintiff to submit to restraints. By that time, Davis and Govia almost had Plaintiff restrained, and Spaul put his Taser away. Spaul then applied an "ankle lock,"[2] and Plaintiff quickly submitted to restraints and was escorted away. No blows were ever struck by any of the Defendants. The entire episode lasted approximately 6 minutes and Plaintiff suffered no injury.

## II. Analysis

To establish a constitutional violation for the use of excessive force, Plaintiff must demonstrate that the force was used maliciously and sadistically to cause harm, rather than in a good faith effort to maintain or restore discipline. *See Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). Relevant factors include the need for force, the relationship between the need and the amount of force used, and the extent of injury inflicted. *See Whitley v. Albers*, 475 U.S. 312, 321 (1986).

The evidence introduced at the hearing indicates that some degree of force was used on Plaintiff, but it was not applied in a malicious or sadistic manner. Rather, the force was used to control Plaintiff and to restore discipline. Plaintiff conceded that he did not submit to restraints when he was ordered to do so. If Plaintiff had submitted to restraints instead of raising his hands and walking away, no force would have been used. The noise Plaintiff was creating was disturbing others, and could have led to a serious security situation involving numerous other inmates, so force

---

[2]Spaul testified that an ankle lock is a maneuver he learned at a jail standards academy.

was needed to restore order. No Taser or chemical spray was used against Plaintiff, and the force used was minimal under the circumstances. There is no evidence that Plaintiff requested medical treatment after the incident, or that he was injured in any way. Thus, when viewed in the light of the factors set forth in *Whitley v. Albers*, it is clear that Plaintiff's constitutional rights were not violated, and Plaintiff's complaint should be dismissed.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's complaint be DISMISSED WITH PREJUDICE.

2. The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this   3   day of November, 2014.

_____
UNITED STATES MAGISTRATE JUDGE